IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARIKA TOLZ,

    Petitioner,

v.                                   Case No. 4:17cv119-MW/CAS

C. COIL, Warden,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about March 2, 2017, Petitioner Marika Tolz, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with exhibits. ECF No. 1. On May 30, 2017, Respondent filed an answer, with exhibits. ECF No. 8. Petitioner has not filed a reply, although given the opportunity to do so. See ECF No. 6.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## Background

In July 2011, in the United States District Court for the Southern

District of Florida, case number 1:11cr20160-JEM, Petitioner Marika Tolz pled guilty to one count of conspiracy to commit wire fraud and the court sentenced her to 81 months in prison. *See* ECF No. 8-1 at 3, 42-47. She subsequently received a state court sentence in the Broward County Circuit Court. *See* ECF No. 8-1 at 3, 63-70. At the time she filed her § 2241 petition, she was incarcerated at the Federal Correctional Institution in Tallahassee, Florida. *See* ECF No. 1.

In her § 2241 petition, Tolz raises one ground asserting "[t]he improper calculation on my good conduct time continuously reflects the incorrect date of my release and is not in compliance of the 2006 Prison Litigation Act establishing the computation" and "43 days were recently added to my term after good time, which is also improper." *Id.* at 6. Respondent's answer asserts that Tolz has not exhausted administrative remedies, the sentence calculation is correct, and, further, most of her claim is moot because the Federal Bureau of Prisons (BOP) has since decided to retroactively designate the state facility for service of the federal sentence. ECF No. 8 at 6-15. Respondent also indicates, at the time the answer was filed, Tolz's projected release date was August 1, 2017. *Id.* at 6, 13.

A review of the website for the Federal Bureau of Prisons indicates Petitioner Marika Tolz, Inmate Register Number 96459-004, was released on August 1, 2017. *See* www.bop.gov/inmateloc/. On or about July 31, 2017, Petitioner filed a notice of change of address with this Court. ECF No. 9.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action. Spencer v. Kemna, 523 U.S. 1, 7 (1998). *See, e.g.*, U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's habeas petition challenging regulations and decisions by U.S. Parole Commission was mooted by prisoner's release as his "ultimate objective in bringing the action was to obtain parole" and "[s]ince he has been released on parole in the interim, we find there no longer is a case or controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to

any additional relief"); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition alleging unconstitutional miscalculation of gain time credits, where prisoner was released from custody while petition was pending and he had attacked only length of confinement, not underlying conviction).

Here, Petitioner's only objective in bringing this habeas action was a reduction in her sentence. Because she has since been released from incarceration, there is no longer a case or controversy to litigate. Thus, this action is moot and should be dismissed.

## Conclusion

For the reasons stated above, this § 2241 petition is moot. Accordingly, the petition (ECF No. 1) should be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's**

**objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.** **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**